UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SAMNANG PAK | : | DOCKET NO. 10-cv-1824 |
| VS. | : | JUDGE TRIMBLE |
| CRAIG S. ROBINSON, ET AL | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of *habeas corpus* filed by Samnang Pak ("Petitioner") pursuant to 28 U.S.C. § 2241. (Doc. 1). This matter has been referred to the undersigned for report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Petitioner has been under a final order of removal since April 27, 2010, and has been in post-removal detention since that time. In his petition, he challenges his continued detention as indefinite and unconstitutional. He claims that there is no significant likelihood of his being removed in the reasonably foreseeable future.

In response to the petition, the government argues that petitioner's removal is likely in the reasonable foreseeable future because a travel document has been issued for his return to his country of origin, the Kingdom of Cambodia.

Based upon the evidence in the record, the undersigned determined that an evidentiary hearing was necessary for the adjudication of the petition. An evidentiary hearing was held on August 17, 2011. Based on the evidence adduced at the hearing and the applicable law, it is RECOMMENDED that the petition for *habeas corpus* be DENIED and DISMISSED without prejudice.

BACKGROUND

Petitioner, a citizen of Cambodia, became a permanent resident of the United States on November 23, 1994. Doc. 9, att. 2, p. 4. In 2009 he was convicted of burglary 1st degree and sentenced to a term of imprisonment of two years. Doc. 9, att. 2, p. 3. On April 27, 2010, he was ordered removed to Cambodia or Thailand and he waived appeal. Doc. 9, att. 2, p. 10. On May 18, 2010, the Royal Thai Embassy advised USICE that a travel document would not be issued for petitioner's return to the Kingdom of Thailand. Doc. 9, att. 2, p. 29.

On July 27, 2010, a post-order custody review was conducted. Doc. 9, att. 3, pp. 1-7. On August 11, 2010, a written decision was issued ordering petitioner's continued custody based on the fact that he was considered to be a danger to the community and a flight risk and the likelihood that a travel document would be issued from Cambodia in the foreseeable future. Doc. 9, att. 3, p. 8. Again, on November 8, 2010, petitioner was continued in custody on the determination that a travel document was pending for his removal to Cambodia. Doc. 9, att. 3, p. 21. On July 11, 2011, the Kingdom of Cambodia issued a travel document for petitioner's return which is valid through January 11, 2012. Doc. 16, att. 1, p. 2.

At the evidentiary hearing on August 17, 2011, the court heard the testimony of Kenneth Brooks, a deportation officer with USICE, and of petitioner. Additionally the exhibits of the government, as described above, were entered into the record.

Petitioner acknowledged that he was under a final order of removal and that a travel document had been procured for his return to Cambodia, however he requested to be released pending his departure. The testimony of Kenneth Brooks established that an emergency travel document had indeed been issued by the Kingdom of Cambodia for petitioner to return. He stated that petitioner's removal was scheduled to take place in early September 2011.

## LAW AND ANALYSIS

Following an order of removal, the Attorney General is given 90 days to effectuate the removal of the alien. 8 U.S.C. § 1231(a)(1)(A). However, "[a]n alien . . . who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period . . . ." 8 USC § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 689, 121 S. Ct. 2491, 2498, 150 L. Ed. 2d 653 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. §1231 to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." The Court went on to recognize six months as a presumptively reasonable period of detention following a final order of removal. *Zadvydas,* 533 U.S. at 701, 121 S. Ct. at 2505, 150 L. Ed. 2d 653. It is a federal district court's duty to gauge, "[w]hether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal [and thus] whether the detention is, or is not, pursuant to statutory authority. *Id.* at 699, 121 S Ct. at 2503-04, 150 L. Ed. 2d 653.

The Court determined that the alien should bear the initial burden of proof in showing that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701, 121 S. Ct. at 2505, 150 L. Ed. 2d 653. Once the alien has met his or her burden, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas,* 533 U.S. at 701, 121 S. Ct. at 2505, 150 L. Ed. 2d 653. Finally, as the period of prior post removal confinement grows, what counts as the reasonably foreseeable future abates. *Id.* Thus, the *Zadvydas* decision "creates no specific limits on detention[—]'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (quoting *Zadvydas,* 533 U.S. at 701, 121 S. Ct. at 2505, 150 L. Ed. 2d 653).

Here, petitioner has been in post-removal-order detention since March 31, 2010, a period exceeding six months. However, in order for petitioner to secure his release from custody, he must show that there is no significant likelihood of removal in the reasonably foreseeable future. It is apparent from the uncontradicted evidence presented that petitioner's removal is likely to take place in less than a month. Thus, petitioner has failed to carry his burden of demonstrating that there is no likelihood of his removal in the reasonably foreseeable future.

Accordingly,

IT IS RECOMMENDED that the petition be DENIED and DISMISSED without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 4th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE